| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------- x<br>GERALD GORDON,<br>　　　　　　　　　　　　Petitioner,<br>　　　-against-<br>THOMAS LAVALLEY,<br>　　　　　　　　　　　　Respondent.<br>------------------------------------------------------------------- x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:_____<br>DATE FILED: _10-3-16_<br><br>13-CV-4401 (ALC)<br><br>**MEMORANDUM<br>& ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

Before the Court are objections to the March 6, 2014 report and recommendation ("R & R") issued by the Honorable Andrew J. Peck, United States Magistrate Judge. Judge Peck's R & R recommends denying Petitioner's writ for habeas corpus relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R in its entirety and denies Petitioner relief.

## BACKGROUND

The Court assumes familiarity with the background and procedural history as set forth in the R & R and briefly recounts facts relevant to the present objections.

Petitioner Gerald Gordon was previously convicted for robbery in the first degree (N.Y. Penal Law § 160.15(4)) and robbery in the second degree (N.Y. Penal Law § 160.10(1)) in the Supreme Court of the State of New York, New York County. On August 27, 2009, he was sentenced to concurrent terms of seventeen years for the first degree robbery and fifteen years for the second degree robbery. His conviction was affirmed by the Appellate Division, First Department on February 23, 2012, *People v. Gordon*, 873 N.Y.S.2d 578 (N.Y. App. Div. 2012),

1

and his conviction became final ninety days after the New York Court of Appeals denied leave to appeal on May 15, 2012, *People v. Gordon*, 19 N.Y.3d 864 (2012).

On June 25, 2013, Gordon filed this present federal habeas corpus petition alleging that counsel was ineffective for its failure to raise an affirmative defense to the first degree robbery charge. Petitioner contends that trial counsel failed to seek this affirmative defense because of ignorance of the law and contends that this inexcusable rationale for forgoing this affirmative defense was apparent from the trial record. The habeas petition was referred to Judge Peck on October 3, 2013. On March 6, 2014, Judge Peck issued his R & R (ECF No. 14) concluding that Gordon's claim for ineffective assistance of counsel was unexhausted and that the petition was, in the alternative, without merit. 250/100 120/80

Gordon timely filed objections to the R & R, arguing that Judge Peck erred in finding that the claim was unexhausted. The Appellate Division had previously found that Gordon's ineffective assistance of counsel claim was unreviewable on direct appeal because it involved matters outside the trial record concerning counsel's strategic reasons for declining to pursue the affirmative defense. Judge Peck's R & R noted that this was indeed the case and that Gordon's ineffective assistance claim was not "particularly well established in the trial record." R & R at 25. In his objections, Gordon contends that Judge Peck overlooked statements made by the trial counsel at his sentencing and that these remarks undermine Judge Peck's finding.

Gordon also objects to the portions of the R & R related to the application of *Strickland v. Washington*, 466 U.S. 668 (1984). There, Judge Peck found that trial counsel's decision to forego an affirmative defense was a matter of trial strategy that should be afforded double deference under *Strickland* and the Antiterrorism and Effective Death Penalty Act. Petitioner

contends that ignorance of the law was not a trial strategy and that the misidentification defense was objectively unreasonable.

### STANDARD OF REVIEW

A petitioner requesting habeas corpus relief must show that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The petitioner thus has the burden of proving, by a preponderance of the evidence, that his federal rights have been violated. *See Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) (citation omitted).

When reviewing a magistrate judge's report and recommendation, a district judge may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files timely objections, the district court is required to make a *de novo* determination concerning those parts of the report. *Id*. However, if a party makes conclusory or general objections to the report and recommendation, or merely reiterates its previous position, the court reviews the report only for clear error. *Taylor v. Brown*, No. 08 Civ. 8403 (ALC)(RLE), 2012 WL 607621, at *2 (S.D.N.Y. Feb. 24, 2012).

**Exhaustion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a petitioner must exhaust all available remedies in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c). Otherwise, there must be "an absence of available State corrective process." *Id*. § 2254(b)(1)(B)(i).

Here, the Appellate Division believed that the claim for ineffective assistance of counsel was improperly raised in a direct appeal because it found that necessary information existed outside the trial record. Both parties agree that the Appellate Division's decision implicitly endorses bringing the claim for ineffective assistance of counsel under Section 440.10 of New York Criminal Procedure Law instead. Pet'r's Mem. at 30; Resp't's Opp. at 20-21. Gordon also concedes that he could file a post-conviction motion at this time. Pet'r's Reply at 4. However, he argues that this is not enough to make a claim unexhausted since the clear trial record makes a C.P.L. 440.10 motion superfluous. *Id.*

In light of the present facts, petitioner's argument is wholly incongruent with the plain language of 28 U.S.C. § 2254(b) and (c)—prohibiting habeas relief if a petitioner has an available state procedure for adjudicating the petitioner's claim. Gordon correctly points out that an appellant risks waiving a claim of ineffective assistance of counsel if he or she fails to raise the claim on direct appeal when there is a sufficient showing of ineffective assistance in the trial record. *See Sweet v. Bennett*, 353 F.3d 135, 140 (2003). Additionally, New York courts have denied C.P.L. 440.10 motions without holding an evidentiary hearing based on a finding that sufficient facts appeared on the record and in written submissions. *See e.g., People v. Satterfield*, 66 N.Y.2d 796, 799 (1985) (noting that C.P.L. 440.30 contemplates that a court will first determine whether or not a C.P.L. 440.10 motion can be decided without a hearing).

While these possibilities might explain why Gordon brought his claim for ineffectiveness assistance of counsel on direct appeal, neither one of them has any bearing on whether the claim is currently exhausted. First, Gordon's situation is inapposite from that described in *Sweet* for several reasons, with the most notable being Gordon's ability to file a collateral motion to the state court. Second, the exhaustion analysis is unaffected by the likelihood of the Supreme Court

4

of the State of New York, New York County deciding against holding an evidentiary hearing. Simply put, 28 U.S.C § 2254 precludes exhaustion if there is an available state procedure for adjudicating Gordon's claim. Under state law, the New York County Supreme Court may decline to hold a hearing and instead base its decision on Gordon's C.P.L. 440.10 motion and the supporting affidavits and documentary evidence. *See* N.Y. C.P.L. § 440.30(1), (3)-(4). Gordon offers no arguments for why this would be an inadequate procedure for deciding his claim.

In any case, Gordon's arguments hinge on his insistence that the trial record clearly established that his trial counsel decided against an affirmative defense *solely* due to the counsel's ignorance of the law. Even when explicitly considering trial counsel's remarks at sentencing, this Court finds otherwise and agrees with Magistrate Judge Peck and the panel of the Appellate Division.[1]

In particular, petitioner argues that the following statements are evidence of trial counsel's ignorance of the law:

> When you step back and you see that this is a first conviction of a crime and there is no evidence that the weapon was loaded. The only evidence [was] that the weapon was unloaded, but the law allowed the robbery in the first degree charge to go forward in the absence of some technical admission by the defendant that he never made because he was asserting his innocence.
>
> . . .
>
> When we're talking about a single conviction for the single robbery in the first degree because he didn't get on the stand and say the gun was unloaded, which would have made it a two.

---

[1] In support of his petition, Gordon asks this court to apply the test cited in *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) for determining whether a federal court has authority to review a matter after a state court dismisses it on a state procedural ground. The application of this test, typically reserved for matters that are exhausted, would also require dismissal. The third factor asks whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate government interest. *Id*. Gordon argues that demanding perfect compliance with this rule would not have served a governmental interest because it would have been futile and a waste of judicial resources. The Court disagrees. The Court finds the trial counsel's remarks were too vague to allow review on direct appeal and were better suited for a state collateral review. Therefore, Gordon did not substantially comply with the procedural rule and perfect compliance would have been neither futile nor a waste of judicial resources.

App'x Tr. at 15-16, 20. Neither one of these statements conclusively demonstrates that trial counsel believed that he was precluded from seeking an affirmative defense. Certainly, they could be construed as consistent with petitioner's theory that trial counsel was ignorant of the law. However, they would only be unambiguous when read in conjunction with a separate explanation of trial counsel's motivation—the type typically elicited in a collateral hearing. Instead, these statements—standing alone—are consistent with another theory. As Judge Peck thoroughly explained in his report, deciding whether to pursue or forgo an inconsistent affirmative defense is a matter of strategy. This is especially the case where the inconsistent defense mitigates culpable behavior and a defendant asserts actual innocence in trial testimony. Under this theory, the statements made at sentencing could easily be construed as suggesting that (1) trial strategy was the only reason why trial counsel did not pursue the affirmative defense and (2) petitioner deserves a sentence commensurate with the culpability supported by the evidence. In other words, a modest sentence was appropriate because an "all or nothing" strategy was the only barrier to the moderate trial outcome—a guilty verdict on the lesser of the two counts.

Therefore, the Appellate Division correctly found that the ineffective assistance of counsel claim was improperly raised on direct appeal. An analysis of the statements made at sentencing does not alter this finding. Accordingly, I adopt the portions of Judge Peck's R & R related to the issue of exhaustion and decline to review the objections related to Judge Peck's application of *Strickland*.[2]

---

[2] Under 28 U.S.C. § 2254(b)(2), Courts may deny habeas petitions containing unexhausted claims on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Under the circumstances of this case, this Court declines to exercise that discretion here.

6

## CONCLUSION

For the reasons set forth above, Gordon's writ of habeas corpus is DISMISSED without prejudice and the R & R is adopted in full.

It is ORDERED that because Gordon has not made a substantial showing of the denial of a constitutional right, the Court not issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. The Clerk of Court is directed to enter judgement in favor of Respondent and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         October 3, 2016

_____
ANDREW L. CARTER, JR.
**United States District Judge**